JONES *et al.* v. MIDLAND SAVINGS & LOAN CO. *et al.*

No. 5675.   Opinion Filed October 13, 1914.

(143 Pac. 667.)

1. **APPEAL AND ERROR—Case-Made—Motion for New Trial—Dismissal.** Where a case-made filed in this court fails to show that the trial court passed on the motion for new trial, the petition in error will be dismissed.

2. **APPEAL AND ERROR—Necessary Parties—Dismissal.** All persons who were parties to the proceeding in the trial court, and whose interests will be affected by a reversal of a judgment on appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Muskogee County;*
*R. C. Allen, Judge.*

Action by the Midland Savings & Loan Company against Charles A. Jones and others. Judgment for plaintiff, and defendant Jones and wife bring error. Dismissed.

*S. R. Taylor,* for plaintiffs in error.

*Bert G. Wood* and *A. J. Bryant,* for defendant in error Midland Savings & Loan Co.

*Scothorn, Caldwell & McRill,* for defendant in error Prussian Nat. Ins. Co.

LOOFBOURROW, J.   The record in this case shows that a jury was waived and the case tried to the court; that the same came on for trial April 29, 1913; that after the case was closed the court took the same under advisement. until May 22, 1913, at which time the findings of fact and conclusions of law were submitted by the court and judgment entered thereon, the journal entry being filed May 22, 1913.   The Prussian National Insurance Company, defendant in error, has, by its counsel, moved to dismiss the appeal for the reason that the motion for new trial was not filed within three days after the rendition of the judgment.   The record discloses that motion for new trial was filed May 22, 1913, but contains no ruling or order of the court upon such motion.   The motion to dismiss is well founded, and the appeal must be dismissed.   *Swank v. Tallman,* 25 Okla. 424, 106 Pac. 644.

The Midland Savings & Loan Company, defendant in error, has filed a motion to dismiss the appeal for the reason that necessary parties are omitted in the proceedings in this court.   It appears that Charles A. and Emma Jones, plaintiffs in error, were the owners of a certain lot in the city of Muskogee; that they executed a first mortgage thereon to the Midland Savings & Loan Company; that they also obtained a policy of insurance thereon with the Prussian National Insurance Company, said policy containing a full subrogation mortgage clause; that plaintiffs in error deeded the north 50 feet of said lot to one Oscar F. Echols; that they also executed an instrument, on its face a warranty deed, the same being in fact a mortgage, conveying the south 50 feet of said lot to one B. E. Nussbaum; that they also executed a mortgage on the said south 50 feet of said lot to the Oklahoma State Bank, of Muskogee; that the buildings on the lot burned.   Judgment was entered in favor of the Midland Savings & Loan Company against the defendant Charles A. Jones, and foreclosure of mortgage decreed.   Judgment was also rendered decreeing the said insurance policy, as to defendant Jones

and any and all persons claiming under him, to be null and void; the proceeds of the sale of the property under the mortgage to be applied to the payment of the costs, the payment of the judgment in favor of the Midland Savings & Loan Company, and the remainder, if any, to be paid into court to await the further order of the court touching the rights of the defendants, the Oklahome State Bank, of Muskogee, Oscar F. Echols, and Charles A. Jones. It is therefore apparent that the Oklahoma State Bank and Oscar F. Echols are necessary parties to this proceeding, and that they are interested in the result thereof. Not having been made parties to this proceeding, and the time having elapsed in which they could be brought in, the appeal must be dismissed. See *County Com. v. Harvey et al.,* 5 Okla. 468, 49 Pac. 1006; *Weisbender v. School District,* 24 Okla. 173, 103 Pac. 639; *John v. Paulin,* 24 Okla. 636, 104 Pac. 365; *Strange v. Crismon,* 22 Okla. 841, 98 Pac. 937; *Hughes v. Rhodes,* 25 Okla. 172, 105 Pac. 650; *Seibert v. First Nat. Bank of Okeene,* 25 Okla. 778, 108 Pac. 628.

All the Justices concur.