## LOCKHART v. MUSKOGEE REFINING CO.

No. 4593.   Opinion Filed June 22, 1915.
(150 Pac. 104.)

**APPEAL AND ERROR—Questions Presented—Motion for New Trial.**
Where the errors assigned are errors occurring at the trial, and the record does not affirmatively show that a motion for new trial was filed within three days after the "verdict or decision" was rendered, and that such motion was acted upon by the trial court, the appeal will be dismissed.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by L. E. Lockhart against the Muskogee Refining Company. Judgment for the defendant, and plaintiff appeals. Appeal dismissed.

*J. B. Campbell,* for plaintiff in error.

*George S. Ramsey* and *Edgar De Meules,* for defendant in error.

Opinion by GALBRAITH, C. The petition in this case declared upon two counts. The first charged a breach of an oral contract of partnership, and the second charged the breach of a contract of sale. The answer was a general denial. A jury was waived, and the trial had to the court, who found for the defendant and rendered judgment against the plaintiff for costs. From this judgment an appeal has been prosecuted to this court.

The defendant in error presents motion to dismiss the appeal upon the ground that all of the errors assigned in the petition in error are alleged errors occurring at the trial, and that the case-made does not show the filing of a motion for new trial within three days after "the verdict or decision was rendered;" second, because the record does not contain an order overruling the motion for new trial. This motion is well taken, and must be sustained.

It appears from the record that a jury was waived, and the cause tried to the court on the 24th day of June, 1912, and that a motion for new trial was filed therein on the 25th day of June, 1912, but the record does not show that there was any decision, verdict, or judgment rendered in said cause until the 16th day of July, 1912. The journal entry of judgment announced and entered on

the 16th day of July, 1912, after reciting the trial of the cause, proceeds:

"And the court having said cause under advisement, and having rendered a decision therein in favor of the defendant, and a new trial having been prayed for, and. on this day arguments in support of and against said motion having been heard,. and the court, being advised in the premises, finds that the plaintiff has not been corroborated, and the contract alleged in the petition filed herein has not been proved, and, further, that the plaintiff elected to disregard the contract, and not stand thereon, even though a contract had been proved, and this operated as a waiver of any right that he may at one time have had under such contract. It is therefore ordered and adjudged that plaintiff take nothing in this cause of action, and that the same be dismissed at plaintiff's cost."

The statute requires that the motion for new trial must be filed within three days after the "verdict or decision" is rendered. Comp. Laws 1909, sec. 5827; Rev. Laws 1910, sec. 5035. The motion for a new trial filed on June 25th was prematurely filed, since it was filed before the decision of the court was rendered in said cause. The journal entry of judgment shows that the decision was not returned until the 16th day of July, 1912. This journal entry also recites that at the time the testimony was taken on June 24th the cause was taken under advisement, and it conclusively appears therefrom that the decision in the cause was not rendered by the court until July 16, 1912. It does not appear from the record that motion for new trial was filed within three days. thereafter, nor does it appear from the record that the court ever passed upon the motion for a new trial, or ever made an order denying the same.

The syllabus in *Swank v. Tallman,* 25 Okla. 424, 106 Pac. 644, reads:

"Where a case-made filed in this court fails to show that the trial court passed on the motion for new trial, the petition in error will be dismissed."

The first paragraph of the syllabus in *Morris v. Caull,* 44 Okla. 342, 144 Pac. 623, is:

"Where the record contains no order of court over-ruling the motion for new trial, and matters occurring at the trial are the only points urged in the assignments of error, there is nothing properly before the court for review."

In *Jones v. Midland Savings & Loan Co.,* 43 Okla. 601, 143 Pac. 667, the court, in sustaining the motion to dismiss, says:

"The record discloses that motion for new trial was filed May 22, 1913, but contains no ruling or order of the court upon such motion. The motion to dismiss is well founded, and the appeal must be dismissed. *Swank v. Tallman,* 25 Okla. 424, 106 Pac. 444."

We therefore recommend that the motion to dismiss be sustained.

By the Court: It is so ordered.