11   15
49  321
50  332

SIMON ARMSTRONG v. A. C. DURLAND, *Treasurer*, &c.

1. SCHOOL DISTRICTS; *Action on Treasurer's Bond; Who to be Plaintiff.* An action on the bond of the treasurer of a school district to recover a balance not paid over to his successor in office, must be in the name of the school district, and not in the name of such successor as treasurer.

2. PARTY; *Title of Cause.* The plaintiff in an action cannot be described in the alternative, as one, *or* another. Who the party plaintiff is must appear clearly and with certainty from the record.

3. DEFAULT; ERROR. It is error to enter judgment for want of an answer before the time for answering has elapsed.

4. PARTIES; *Defendants in Error.* Before a judgment rendered in the district court can be reversed in error, the party in whose favor it was rendered must be brought into this court.

### Error from Nemaha District Court.

THE action below was entitled "A. C. Durland, Treasurer of School District No. 45 in Nemaha county, State of Kansas, plaintiff, v. Simon Armstrong, Henry Stauffer, and David Armstrong, defendants," and was brought upon the official bond of said *Simon Armstrong* as late school-district treasurer for neglecting and refusing to pay certain school-district

money over to his successor in office. Defendants demurred, "for that plaintiff has not legal capacity to sue," and also, "that there is a defect of parties plaintiff." Demurrer overruled. Other facts and proceedings are stated in the opinion of the court. The district court at the April Term 1872, gave judgment "that School District No. 45 recover of and from *Silas Armstrong* $221, with costs of suit," etc. Execution having been issued, *Armstrong* moved to vacate and set aside said judgment, because, first, said judgment was rendered when defendant was not in default; second, said judgment was rendered in favor of "School District No. 45," when in fact said district was not a party to the suit; and third, "because the matters and things complained of in the petition of the said plaintiff, and the pretended causes of action therein set forth were adjusted and settled before said judgment was rendered, and in consideration of the said adjustment and settlement the plaintiff had promised and agreed to withdraw his said action," but in disregard thereof, and by fraud, Durland had procured said judgment to be entered. In support of this last ground *Armstrong* filed the affidavit of the county superintendent, whereby it appears that the disputed claim arose by reason of a division of School District No. 45, and the creation of a new district — that the superintendent, officially, and with the consent of the parties in interest, had adjusted the matter, determining that *Armstrong*, as treasurer, should pay to the proper district treasurer $180, instead of the amount claimed by *Durland*, and that said sum had been paid before said judgment was entered, and that *Durland* had agreed to dismiss said action. The district court refused to vacate the judgment, and *Armstrong* brings the case here.

*J. E. Taylor*, for plaintiff in error:

1. The court erred in overruling demurrer. The school district and not Durland was the real party in interest. Suit should have been brought in the name of the district. Gen. Stat., ch. 92, § 24; civil code, § 26.

2. The defendant was allowed ten days from and after April 24th to answer. On the 3d of May the case was tried. Defendant had not answered, nor had the ten days for answer yet elapsed. Defendant had until, and the whole of, the 4th of May to file his answer—and it was error to render judgment before the action stood for trial.

3. The judgment was in favor of the district, when suit was brought by Durland, and no change of parties had been made.

4. The affidavits of Shoemaker and Armstrong show a full settlement of the case before trial. The judgment can be vacated for either fraud or mistake: Code, §§ 568, 569.

*Joseph Sharpe*, for defendant in error:

1. This petition in error must be dismissed, (29 Barb., 368.) The record shows that the judgment was taken by default, after the plaintiff in error had appeared, and after time given them to plead had been extended for ten days. The time to plead is fixed by statute, and this statutory term had expired before the commencement of the April Term. At said April Term further time was given to answer. In the judgment of the district court the plaintiff in error withdrew his appearance and suffered judgment to be entered by default. 8 Barb., 351.

2. It is insisted that the time given by the court (ten days,) had not expired when judgment was rendered. No objection was then made, or more time demanded, or any desire to make any defense whatever: 9 Johns., 443; 12 Johns., 31, 510; 8 Barb., 81.

3. If plaintiff in error is entitled to any relief it is not in this court. Our code, § 569, points out the way to obtain relief from a judgment entered up before it was set for trial on the docket; and the motion must be made and served upon notice to the opposite party within the first three days of the next succeeding term of the district court. This judgment was rendered at the April Term 1872, and the motion

should have been made at the succeeding October Term; and having failed to make it it is too late.

The opinion of the court was delivered by

BREWER, J.: The action in the district court was on the bond of a treasurer of a school district, and was brought to recover a balance not paid over to the successor in office. The action was brought in the name of the present treasurer as plaintiff. To the petition a demurrer was filed, which was overruled by the court. This was error. *Coffman v. Parker*, ante, p. 9.

Leave was given to amend the petition, but no amendment appears to have been made. The journal entries subsequent to this were entitled "School District No. 45, or A. C. Durland v. Simon Armstrong." This was manifestly improper. The plaintiff cannot be described in the alternative, as one, or another. If the plaintiff elected to proceed in the name of the district, it must so appear; if of the treasurer, that must also appear. He cannot cover the contingencies of future rulings by using both names joined by a disjunctive. The judgment was entered in favor of the school district. This, whether we consider the title of the cause as shown by the petition, or the journal entries, was wrong.

On the 24th of April an order was entered allowing defendant ten days to file answer. On the 3d of May judgment was entered for want of answer. This was error. The time for answering had not elapsed, and the defendant was not in default.

It seems to us also that the showing made subsequent to the judgment was sufficient to have vacated the judgment. We have noticed these errors, not because we propose to reverse the case upon them, but as a guide in the future disposition of the case in the district court.

The petition in error will have to be dismissed for the reason that the party in whose favor the judgment was rendered is not made defendant in error, nor brought into this court. The party in whose favor the judgment was rendered was

the school district. The defendant in error is A. C. Durland, Treasurer of the district. There is no judgment in favor of Durland to be disturbed. *Ferguson v. Smith,* 10 Kas., 394.

All the Justices concurring.