HON. FRANK DALE, CHIEF JUSTICE.
HON. A. G. CURTIN BIERER,
HON. JNO. L. M'ATEE,
HON. JOHN C. TARSNEY, } ASSOCIATE JUSTICES.
HON. JAMES R. KEATON,

## THE BOARD OF COUNTY COMMISSIONERS OF LOGAN COUNTY

## v. CORA V. HARVEY *et al.*

1. SUPREME COURT—*Parties—Case-Made.* The rule requiring that all parties who will be affected by a reversal of the judgment appealed from, or whose being made parties to the appellate proceeding is necessary to protect the rights of others, as has been enunciated by the supreme court of Kansas, is recognized as the rule in this territory; but this rule does not require that persons who were not made parties in the lower court should be served with case-made, or brought into this court.

2. CASE-MADE—*Transcript.* Although a case-made may be void as to a part of the defendants, on account of the insufficiency of the service on the attorney for the parties (which question as to the service we do not now decide, it being unnecessary in this case), yet if attached to the case-made there is a certificate of the clerk of the district court which is sufficient to present a transcript of the record of the case, all questions which are presented by the record, and where exceptions were saved, are properly presented for consideration by the supreme court.

3. TRANSCRIPT —*Demurrer—Exception—Case-Made.* A demurrer is one of the pleadings in a case, and is a part of the record of the trial court, and a

ruling of the court upon a demurrer, where an exception has been saved, may be presented to this court for review upon a transcript of the record, without incorporating the demurrer and the exception into a case-made.

*Error from the District Court of Logan County.*

Action on the official bond of Cora V. Harvey, nee Diehl, as register of deeds of Logan county. Judgment for defendants, from which the plaintiff appeals. Motion to dismiss appeal. Denied.

*J. C. Strang, County Attorney,* and *Huston & Huston,* for plaintiff in error.

*Asp, Shartel & Cottingham,* for defendants in error.

The opinion of the court was delivered by

BIERER, J.: Plaintiff below, plaintiff in error here, filed its amended petition in the district court of Logan county on the 11th day of September, 1895. The parties named in this amended petition were: *"Board of County Commissioners of the County of Logan,* plaintiffs v. *Cora V. Harvey,* (nee Diehl), *H. C. Diehl, Isaiah Smith, Danton Miky, C. A. Marshall, John Cammack, William Plagg, E. W. Peterson, Peter O'Hare, E. R. Duvall, L. E. Pitts, M. Collar* and *William Baxter,* defendants."

By the amended petition plaintiff seeks to recover judgment against the defendant Cora V. Harvey, (nee Diehl), as principal, and the other persons named as sureties upon the official bond of the said Cora V. Diehl, as register of deeds of Logan county. The record does not contain any original petition, and contains no summons, if one was ever issued.

It appears that a demurrer to the amended petition was filed on behalf of M. Collar, by his attorney, S. D. Decker, and another demurrer filed by Louis E. Pitts,

William Baxter and Cora V. Harvey, by their attorney, George Gardner. That these demurrers were overruled, and an answer was then filed by the defendants, Harvey, Pitts, Baxter and Smith, by their attorney, George Gardner, and by Collar and Plagg, by their attorney, S. D. Decker.

The record shows no appearance at any time by any of the other persons named as defendants, and, as before stated, no service of any process upon them. The amended answer contained three paragraphs, and was unverified, the first paragraph being a general denial, and the other two setting up special defenses.

The plaintiff, by its attorney, A. H. Huston, filed a demurrer to the second and third paragraphs of the answer, which was overruled, and plaintiff electing to stand upon the ruling on the demurrer, judgment was rendered, as the journal entry states, "against said plaintiff and in favor of said defendants, dismissing said action, and for costs of suit."

Time was given the plaintiff to make and serve a case-made, and within the time allowed, service of case-made was accepted by George Gardner, as attorney of record for the defendants, Harvey, Pitts, Baxter and Smith. The only proof of service of case-made upon the defendants Collar and Plagg is the following:

"Territory of Oklahoma, ⎱ ss.
    County of Logan.     ⎰

"A. H. Huston, being duly sworn, upon his oath deposes and says that he is the attorney for the plaintiff in the foregoing cause; that he served the above case-made on S. D. Decker, the attorney for some of said defendants, by placing said case-made upon the official desk of the said S. D. Decker in his office in the city of Guthrie, on the 22d day of October, A. D. 1896, and

leaving the same there for a period of five days thereafter.                                        A. H. HUSTON.

"Subscribed and sworn before me this —— day of ———, 1896."

There was no effort to serve the case on H. C. Diehl, Danton Miky, C. A. Marshall, John Cammack, E. W. Peterson, Peter O'Hare and E. R. Duvall.

On the 28th day of November, 1896, George Gardner, as attorney of record for the defendants Pitts, Cammack, Baxter, Harvey and Smith, waived issuance and service of summons in the supreme court of Oklahoma Territory, and entered appearance in said court for said defendants.

Motions are made to dismiss this proceeding by L. E. Pitts, M. Collar and John Cammack. All these motions are presented by counsel on two grounds. First, because the case-made was not served, or attempted to be served, upon the defendants H. C. Diehl, Danton Miky, C. A. Marshall, John Cammack, E. W. Peterson, Peter O'Hare and E. R. Duvall. And, second, because it was not properly served, and there is no proof of even the kind of service claimed, on the defendants M. Collar and William Plagg. We consider the motions on these grounds in their order.

This action was brought on a bond, and it was sought to hold all the defendants who were sued liable for the breach of the bond. As the action was dismissed, at least as to all the defendants who filed their answer, the contention of counsel for defendants is that when one party to an action appeals from the judgment of the district court to this court, he is required to make all parties adverse in interest to him, parties to the proceeding in error, and must serve case-made upon all such parties in interest, and must, in some manner, procure service and have them before the supreme court, and he

cites the following cases from the supreme court of Kansas, from which we have taken our code of civil procedure, in support of this contention: *Ex parte, John Polster*, 10 Kan. 204; *Armstrong v. Durland*, 11 Kan. 15; *Hodgson v. Billson*, 11 Kan. 357; *Bassett v. Woodward*, 13 Kan. 341; *Richardson v. McKim*, 20 Kan. 346; *Thompson v. Wheeler & Wilson Mfg. Co.*, 29 Kan. 476; *Jones Stationery & Paper Co. v. Hentig*, 1 Pac. 529; *In re. Brown's Appeal*, 1 Pac. 78; *McPherson v. Storch*, 30 Pac. 480; *Barber Asphalt Paving Co. v. Botsford*, 31 Pac. 1106; *Steele v. Baum*. 32 Pac. 918; *Central Kansas Loan & Inv. Co. v. Chicago Lumber Co.*, 37 Pac. 132; *Norton v. Wood*, 40 Pac. 911; *Hughes v. Miller*, 42 Pac. 696; *Eaton v. Mendenhall*, 44 Pac. 683.

We have examined carefully all these cases, and they all bear upon the question here presented, excepting the case of *Thompson v. Wheeler & Wilson Mfg. Co.*, 29 Kan 476, which was upon the question as to how and in what manner a party must be served in order to be brought into the supreme court, instead of what parties must be brought before the court.

From these numerous authorities it would appear that the proposition as to what parties must be brought before the supreme court in order to warrant a review of the questions sought to be presented on appeal, has been fully adjudicated and the rule clearly fixed. And the rule appears to be that all persons who were parties to the proceeding in the trial court, and whose interests will be affected by a reversal of the judgment, must be brought into the appellate proceeding. And also, where the interests of those who are brought as parties into the appellate proceeding will be injuriously affected by a reversal or modification of the judgment complained of

as to such parties, without a re-opening of the case as to other parties as to whose interests the judgment has become final by failure to appeal, so likewise the proceeding will be dismissed.

It is claimed by counsel for defendants in error that this rule should be applied to this case, and this proceeding dismissed because certain of the defendants, excepting Collar and Plagg, were not served with case-made. Counsel do not argue the phase of the case presented by the fact that these persons, while they are named in the petition as defendants, do not appear from the record to have been parties to the proceedings, and, herein, we think, is where their contention must fail.

A careful examination of all the Kansas cases shows that wherever a proceeding has been dismissed in the supreme court because of failure to bring into that court some person whose interests would be affected by a reversal of the judgment below, or failure to reverse the judgment below as to whom, would affect some defendant in error who is brought to the supreme court, the person who is not brought into the supreme court was a party the judgment appealed from. This appears in each and every case, and we have been unable to find, in any of the Kansas cases, a case where the phase of the matter now presented was decided.

While these persons, excepting Collar and Plagg whom, it is insisted, should be served with case-made, were named as defendants in the amended petition, they were never, so far as appears from the record, made parties to the case; and, there being nothing in the record to show that they were parties, we must presume that they were not.

The naming of a person in a pleading, where the person appears to have had nothing to do with the suit, does not make him a party to the action. If he is a defendant, he must be served with process, or he must enter his appearance to the action, before he can be made a party thereto. If he is not made a party to the action, his interests can neither be favorably or unfavorably affected by it, and the proceeding cannot be a bar to another proceeding to enforce his right, or fix his liability, in an action by or against him.

While those who were defendants were by the face of the bond co-sureties, and liable to the same extent as the other parties, except Cora V. Harvey, (*nee* Diehl), on the bond, yet their liability to either the county, or for contribution to the other co-sureties, if that becomes appropriate, could in no way be determined until they were made parties to the action by bringing them into court, and naming them as defendants in the petition would not do this.

We think the requirement to bring parties into the supreme court whose interests will be affected by a reversal of the judgment, or who should be brought in because the interests of other defendants to the proceeding may be injuriously affected if they are not brought in, extends only to parties who were parties to the judgment appealed from. The language used by the supreme court of Kansas in two of the cases above cited seems to us clearly to indicate that the principle established by the decisions of that court was intended not to be carried beyond the scope we give it here.

In the case of *In re Browne,* 1 Pac. 78, it appears that Walter Hale was the county surveyor of the county; that one Annie Mason had brought a proceeding to have

the lines of a tract of land established; the county surveyor had given notice to Browne, Mason and the other parties interested, of the time when he would survey and establish the lines. The lines were established, and Browne, feeling aggrieved, appealed to the district court, and upon being defeated there, appealed to the supreme court, and brought into that proceeding only Walter Hale, the county surveyor, who was held to have no interest in the matter. The following language of this opinion indicates what the supreme court of that state mean by their decisions requiring parties in interest to be brought into that court:

"For the purpose of this case we shall assume that the appeal taken by E. D. Browne from the survey of Walter Hale, county surveyor, to the district court, was regular and valid. For the purpose of the case we shall also assume that Annie Mason was the party who instituted the proceedings, and was therefore, substantially, the plaintiff in the case; and as the record shows that '——— Klemm, Mrs. Sarah Monarch and, E. D. Browne' were notified with respect to the survey, we shall consider them as parties to the proceeding, and as substantially the defendants. We shall not only consider all these persons as parties to the survey, but we shall also consider them as parties to the action in the district court, and if the statutes are valid and the appeal of E. D. Browne valid, we would think that this would be the case."

And the court concluded:

"We think E. D. Browne, when he brought the case to this court, should have made all persons parties who were parties to the original survey, or who were parties in the district court; but he has not done so, but has simply made the county surveyor the only party besides himself."

On the proposition before us, that court, in the case of

*Jones Stationery & Paper Co. v. Hentig,* 1 Pac. 529, also said:

"And in no case should a judgment be interfered with by the supreme court, where one of the parties to the judgment is not a party in the supreme court."

Our conclusion therefore is that the first ground is untenable.

The second ground of the motion is easily disposed of. The case is sought to be brought here upon a case-made, and the question that is presented by counsel, as to whether or not a case-made can be served by leaving it upon the desk of the attorney for a party would, indeed, be a serious one, but it is not necessary to decide that question here. Upon an examination of the record we have discovered a matter not called to our attention by counsel for either party in their briefs, and that is, that while the plaintiff in error presents the record as if brought here by case-made, there is also a certificate of Louis E. Pitts, as clerk of the district court of Logan county, attached to this record, and which certifies that the case-made "contains a true and correct statement of all pleadings, motions, findings and rulings of the court, exceptions saved and proceedings had in said cause." That certificate is sufficient to present all the papers to which it has reference, as a transcript of the record, and the question sought to be presented is one which appears upon the record, without being brought into it by case-made. The error assigned in this case is to the action of the court in overruling plaintiff's demurrer to two paragraphs of the answer, and the record contains the amended petition, the answer, the demurrer, the ruling of the court, and the exception saved and the judgment rendered. These matters are all part of the record

without a case-made. (Sections 3964 and 4308 of the Statutes; *McMecham v. Christy*, 3 Okla. 301). And although as a case-made it would be held void as to parties not served, if we should hold the service in the manner in which it was made insufficient, as it does contain a transcript of the record it is sufficient to present all questions which may be presented upon a transcript. (*Lauer v. Livings*, 24 Kan. 273; *Abel v. Blair*, 3 Okla. 399).

Our conclusion is that this record is sufficient to present the error assigned as to all the parties who were parties in the court below, and as we have held those were all the parties necessary, and as they are all now here by the action of their attorney, George Gardner, excepting the defendants, Collar and Plagg, and as the year has not yet expired within which they may be served with summons in error, the case will be continued for service upon them.

The motion to dismiss will be overruled, and the case continued for service upon the two defendants not now in court.

All the Justices concurring.