JOHN v. PAULLIN *et al.*

No. 202.    Opinion Filed September 14, 1909.

(104 Pac. 365.)

1.    APPEAL AND ERROR—Proceeding for Review—Parties. All parties to an action whose interests will be affected by a reversal of the judgment appealed from must be made parties to the appellate proceeding.

2.    APPEAL AND ERROR—Time for Commencement of Proceedings —Action by Guardian. An appeal from a judgment against a guardian, in an action prosecuted by him in his own name as guardian, must be commenced within one year after the rendition of the judgment, and all necessary parties to the proceeding must be brought into the appellate proceeding, either by summons in error or by entry of general appearance, within that period, or the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Bryan County; Malcolm E. Rosser, Judge.*

Action by Louis Paullin against the Choctaw-Chickasaw Investment Company and others, in which action Hagon John, guardian, intervened. Judgment for plaintiff as against intervener, and intervener brings error. Writ of error dismissed.

This proceeding is from a judgment of the district court of Bryan county, in an action wherein defendant in error, Louis Paullin, was plaintiff, and the Choctaw-Chickasaw Investment Company, a corporation, Elmer Williams, Eli P. Williams, Charles H. Williams, A. P. Banks, Tom Anderson, —— Maddox, and —— Thomas were defendants, and Hagon John, guardian, was intervener. Plaintiff, in his petition in the trial court, al-

leged for his cause of action that one Thomas Loman, a citizen
by blood of the Choctaw Nation, cn the 21st day of July, 1903,
received as a part of his allotment of lands to which he is en-
titled as an Indian citizen, the E. ½ of the N. W. ¼ and the W.
½ of the N. W. ¼ of section 6, township 7 S., range 9 E. H.
alleges that on the 23d day of January, 1906, the restrictions
upon the power of said Thomas Loman to˚ alienate said lands
were removed by the Secretary of the Interior, and that on Janu-
ary 31, 1906, Thomas Loman and wife, for a valuable consider-
ation, conveyed the land to one S. A. Hawk, who, on the 17th
day of January, 1907, by warranty deed conveyed the same to
E. E. Fuller, and that E. E. Fuller conveyed said land, on the
23d day of February, 1907, to plaintiff; that plaintiff is the
owner in fee simple of said land, and entitled to the possession
thereof.   He alleges that on July 21, 1903, the date upon which
the lands were allotted to Loman, Loman made and executed a
lease thereon for a period of five years from date to the defend-
ant Choctaw-Chickasaw Investment Company; that on July 1,
1904, Loman executed a second lease for a period of five years
from date to defendant Elmer Williams, and on June 17, 1905,
he executed a third lease on the same property for the term of
five years from date to defendant Eli P. Williams.   He alleges
that said three leases were in fact owned by one and the same
person, and were executed to three separate persons for the pur-
pose of avoiding that provision of the law, which prohibits an
Indian citizen from leasing his land for a longer period than
five years.   He alleges that the defendants Banks, Anderson,
Maddox, and Thomas are tenants of the aforesaid defendants,
and are now occupying the premises in controversy.   He further
alleges that at the time of the execution and delivery by Thomas
Loman of the aforesaid three leases, Loman was totally without
education, being unable to speak or write the English language,
was weak-minded, ignorant, and easily influenced; that the de-
fendants to whom said leases were executed knew these facts,
and took advantage of the ignorance, want of education, and in-

capacity of Loman to execute the contract, and by fraud, deceit, duress, and undue influence procured from him the lease contracts for an inadequate consideration. Plaintiff prays in his petition that the lease contracts be declared null and void and be canceled as a cloud upon his title; that he be given judgment for possession of the land, and for rents for the year 1907.

Defendants filed their answer, in which they admit some of the allegations of the plaintiff's complaint and deny others. Plaintiff in error, Hagon John, hereinafter designated as intervener, made application to the court for leave, as guardian of Oscar Loman and Annie Loman, minor children of Thomas Loman, deceased, to intervene in the action, which motion was by the court allowed. He thereupon filed his petition as the duly appointed, qualified, and acting guardian of said minors, wherein he stated that he filed his petition of intervener as guardian of said minors, and for his cause of action against both plaintiff and defendant says that the said Thomas Loman died on the 17th day of June, 1905, leaving him surviving as his sole heirs said minor children; that Thomas Loman, before his death, executed the leases and deeds described in plaintiff's petition, but at the time of the execution of the same by him he was wholly incompetent to understand the nature of the same, and that each and all of said instruments were procured from him by the parties thereto, by fraud, misrepresentation, and undue influence over him, for a wholly inadequate consideration, and that the parties procuring said leases and deeds well knew at the time of the execution thereof that the grantor, Thomas Loman, was incompetent to execute the same. Intervener prayed that the leases executed by Loman to the Choctaw-Chickasaw Investment Company, Elmer Williams, and Eli P. Williams, and the deed executed by Loman to Hawk, and the deed executed by Hawk to Fuller, and the deed executed by Fuller to plaintiff, be canceled as a cloud upon petitioner's title, and for general and special relief.

The trial court found for plaintiff as against the intervener, and dismissed intervener's petition, and found in favor of de-

fendant Eli P. Williams as to the lease executed by Loman to him, holding that the same was a valid lease and in full force and effect, and rendered judgment decreeing that intervener take nothing by his interplea, and that same be dismissed, and that plaintiff's prayer for the cancellation of the lease from Loman to Eli P. Williams be refused and denied, but that he have judgment against Eli P. Williams for the sum of $25 as the amount of rent due under said lease for the year 1907.

*Maxey & Runyan,* for plaintiff in error.

*Robert Crockett* and *V. B. Hayes,* for defendants in error, citing: *Strange v. Crismon,* 22 Okla. 841; *Wedd v. Gates,* 82 Pac. 808; *Humphrey v. Hunt,* 59 Pac. 971.

HAYES, J. (after stating the facts as above). Intervener filed his petition in error in this court, and plaintiff, as one of the defendants in error, entered his general appearance within one year after the rendition of judgment in the lower court, but no summons in error was issued and served upon any of the defendants, nor did any of them enter a general appearance in this court within one year from the rendition of the judgment. Defendant in error, plaintiff below, now moves the court to dismiss the proceeding, upon the ground that all the necessary parties had not been brought into this court by service of summons in error or by entry of general appearance within one year after the rendition of the judgment. In reply to this motion plaintiff in error insists, first, that none of the defendants in the lower court are necessary parties; and, second, that if any of them are necessary parties, by reason of section 4748, Wilson's Rev. & Ann. St. 1903, which provides that in case a person entitled to a proceeding in error be an infant, such proceeding shall be commenced within one year after rendition of judgment, exclusive of the time of such disability, the time in which to bring a proceeding in error has not yet expired, since his wards have not yet attained their majority, and that he should be permitted

at this time to have summons in error issued and served upon the necessary parties.

In consideration of his first contention it will be unnecessary for us to determine whether all of the defendants in the lower court are necessary parties to this proceeding, for, if any one of them is a necessary party to this proceeding, then the motion will have to be sustained. *Strange et al. v. Crismon,* 22 Okla. 841, 98 Pac. 937. In *County Commissioners v. Harvey et al.,* 5 Okla. 468, 49 Pac. 1006, it is held that all persons who are parties to a proceeding in the trial court, and whose interest will be affected by reversal of the judgment on appeal, must be brought into the appellate proceeding. The judgment of the trial court in the case at bar declares the lease contract of Eli P. Williams to be a valid contract, and that defendant in error, Paullin, by virtue of his being the owner of the fee-simple title to the land, under a warranty deed from the grantees of Loman, is entitled to the rents under such contract, and awards him judgment against Eli P. Williams for the sum of $25 as rents for the year 1907. Eli P. Williams has not appealed from this judgment, and, as between him and defendant in error, Paullin, it has become final. If, on consideration of this appeal on its merits, it should be found that the judgment of the trial court should be reversed and the intervener's plea of intervention should be sustained, then intervener would be entitled to collect the rents under said contract, and such reversal of the judgment would prejudicially affect the rights of Eli P. Williams, and he is therefore a necessary party to this proceeding.

Intervener's second contention is also without merit. Section 4748, Wilson's Rev. & Ann. St. 1903, provides that all proceedings to reverse, vacate, or modify a judgment or final order shall be commenced within one year after the rendition of the judgment or the making of the final order complained of, except in cases where the person entitled to such proceedings may be an infant, a person of unsound mind, or imprisoned, in which event

such proceeding may be commenced within one year after the rendition of judgment, exclusive of the time of such disability. The second provision of this section does not include guardians. The plea of intervention in this case was not filed by intervener's wards.    They never became parties to this action in the lower court, and have never become parties to the proceeding in this court.   Intervener filed his plea of intervention in the lower court as guardian of such wards.   He stated in his petition that he filed same as guardian of said minor children, but this statement does not make the minors parties to the action.    *Gorham v. Gorham,* 3 Barb. Ch. (N. Y.) 24; *West v. West,* 90 Ala. 458, 7 South. 830.   The proceeding in the trial court was prosecuted by the intervener, plaintiff in error here, in his own name as guardian, and this proceeding is brought in the same manner. Had the minors been parties to the action in the lower court, represented by their next friend or guardian *ad litem,* the provisions of the statute relied upon by intervener would apply, and they would have one year after the removal of their disability in which to prosecute a proceeding in error.    *Moss et al. v. Hall,* 79 Ky. 40; *Ridgley v. Bennett et al.,* 13 Lea. (Tenn.) 206; *Vordemark et al. v. Wilkinson,* 147 Ind. 56, 46 N. E. 336·   But this provision of the statute does not extend to suits prosecuted by the guardian in his own name, and the proceeding in error in this action is controlled by the first provision of said section 4748, and must be commenced within one year after the rendition of judgment, and all necessary parties to the proceeding must be brought into the appellate proceeding, either by summons in error or by entry of general appearance, within that period.    *Strange et al. v. Crismon, supra.*

The question whether a guardian may, in his own name, prosecute an action to remove a cloud from the title of his ward's real estate by an independent suit or by plea of intervention, as has been attempted to be done in the case at bar, is not presented

by the motion before us or by the briefs filed by counsel, and upon that question we express no opinion.

Assuming for the purposes of this motion to dismiss, without deciding, that the guardian has such power, this proceeding must be dismissed for the reasons previously stated.

All the Justices concur.

### ON PETITION FOR REHEARING.

Denied January 11, 1910.

(106 Pac. 838.)

**APPEAL AND ERROR—Time for Taking Appeal—Effect of Stipulation.**
After the statutory time for appeal a judgment cannot be reviewed, even if all the parties stipulate that the appellate court may do so.

HAYES, J. Upon the filing herein by plaintiff in error of a petition for rehearing, Eli P. Williams, and other defendants who were never served with summons in error, filed on the 15th day of October, 1909, their waiver of issuance of summons in error and service thereof, and entered their general appearance, and asked that the cause be decided upon its merits. The judgment of the trial court from which the appeal is taken was rendered on the 13th day of January, 1908. More than one year had elapsed after the rendition of that judgment before these defendants attempted to enter an appearance by waiver of issuance and service of summons. That they cannot now by this method confer jurisdiction upon the court has been settled in *Wedd v. Gates,* 15 Okla. 602, 82 Pac. 808, wherein the court said:

"The statute fixes the time in which a party may appeal from a final order or judgment of a court of record. After that time expires, if no appeal has been taken in conformity with the statutes, the judgment of the lower court becomes final, and the appellate court has no power thereafter to review such judgment,

even if all the parties expressly agree that it may do so. And the appeal must be taken as to all of the necessary parties within the prescribed time."

All other matters presented by the petition for rehearing were considered by the court on the original hearing, and no good reason has been advanced why the conclusions reached on that hearing should be reversed.

The petition for rehearing is denied.

All the Justices concur.