## PEADEN v. BROWN *et al.*

No. 6998.  Opinion Filed July 27, 1915.

Rehearing Denied October 19, 1915.

(151 Pac. 1168.)

**INFANTS—Time for Appeal—Infant Represented by Guardian.** Act Feb. 14, 1911, Sess. Laws 1910-11, c. 18, providing that an infant shall have six months after arriving at the age of maturity in which to commence proceedings for reversing, vacating, or modifying judgments or final orders against such infant, does not mean that, where an action is brought by a guardian joined with his ward in the district court to recover money alleged to be due such infant and judgment is rendered for the defendant and an appeal is prosecuted by such guardian and ward and petition in error and case-made therein filed in the Supreme Court within six months after said judgment, the plaintiffs in error in such appeal are entitled to six months after the maturity of said minor in which to cause summons in error to be issued and served on a necessary party defendant in error in said cause. In such case the same rules apply as in case of an appeal by an adult, and where no praecipe for summons is filed nor summons in error issued to a necessary party defendant within six months after the final judgment or order in the district court, the appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Canadian County;*
*John J. Carney, Judge.*

Action by Myrtle Brown by L. H. Brown, her guardian, against the Modern Woodmen of America, a corporation, and others, wherein defendant Lois Peaden appeared by guardian and filed a cross-action.   Judgment

for plaintiff against the Order of Woodmen, and against Lois Peaden on her cross-action, and Lois Peaden brings error. Dismissed.

*W. C. Austin,* for plaintiff in error.

*Babcock & Trevathan,* for defendants in error.

BROWN, J. This action was commenced in the district court of Canadian county by Myrtle Brown, through her guardian and next friend, L. H. Brown, against the Modern Woodmen of America, a corporation, and Lois Peaden, defendants, to recover of the Modern Woodmen of America $500 by virtue of a benefit certificate issued by said Modern Woodmen to Joseph L. Carson, deceased, in which Myrtle Brown and Lois Paden were named as beneficiaries in the sum of $500 each, and designated therein as the insured's nieces. Carson died on the —— day of ——, 19——, whereupon this action was brought as stated by Myrtle Brown, through her father and next friend, to recover in her own right the $500 payable to Lois Peaden, plaintiff having received the $500 payable to her prior to the bringing of this action. Lois Peaden appeared by her guardian, and on the 30th day of March, 1914, filed her cross-action against the order of Woodmen, alleging that she was one of the beneficiaries named in the certificate and entitled to the benefit thereof, and praying judgment for the $500 sued for. The order of Woodmen and the plaintiff in the case filed separate general demurrers to the cross-petition of Lois Peaden. The demurrers were sustained by the court July 3, 1914, and defendant Peaden given 20 days thereafter in which to further plead. August 17, 1914, said defendant having failed to further plead, judgment was rendered by the court in favor of plaintiff against the order of Woodmen

for $500 and against Lois Peaden on her cross-petition. Lois Peaden and her guardian excepted to the judgment of the district court and were allowed 40 days in which to prepare case-made; five days were allowed to suggest amendments, same to be settled and signed within three days thereafter, and it was directed that execution be stayed for a period of 15 days for the filing of supersedeas bond. Lois Peaden and her guardian filed petition in error and case-made November 20, 1914. It does not appear whether any præcipe for summons in error was filed, but summons to the guardian, L. H. Brown, was issued November 30, 1914, duly served December 9, 1914, and summons in error to Myrtle Brown, minor, and her attorneys of record, was issued May 3, 1915, and service thereof accepted by said attorneys May 15, 1915, and on the same date summons was served on her guardian, L. H. Brown, in person. May 27, 1915, defendant in error Myrtle Brown, through her attorneys, appearing specially for that purpose, filed in this court a motion to dismiss the appeal on the ground that no summons in error was issued or served within six months from the date of the judgment appealed from.

The motion to dismiss is resisted by plaintiff in error: First, on the ground that the original action was instituted in the district court by L. H. Brown, as guardian and next friend of Myrtle Brown; and, second, on the ground that plaintiff in error, Lois Peaden, was sued in her individual capacity as a minor, and not by guardian, and is entitled to the full period of her minority (about 13 years) in which to perfect her appeal; and, third, on other grounds based on the merits of the case.

Peaden v. Brown et al.

Section 1 of the act approved February 14, 1911, provides as follows (amending section 574, c. 66, Gen. Stat. 1893):

"Section 574. All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of; provided, that in case the person entitled to such proceedings be an infant, a person of unsound mind or imprisoned, such persons shall have six months, exclusive of the time of such disability, to commence proceedings."

In the case of *John v. Paulin et al.*, 24 Okla. 636, 104 Pac. 365, it was held by this court that where a minor was represented in the trial court by her guardian or next friend and an appeal was taken from the judgment by such minor therein, such minor will have the time stated in the second subdivision of the act above quoted in which to commence a proceeding in error.

The fact, however, that a minor may have the time, as above indicated, in which to commence proceedings in error does not mean that a petition in error and case-made may be filed in this court in a case prosecuted jointly by a guardian and his ward, and the case left pending herein until the ward's majority awaiting service of summons in error on the defendants in error, but if a minor plaintiff in error wishes to avail himself of the time allowed by statute in which to appeal, he will be required to protect such right in the trial court.

The motion to dismiss the appeal will therefore be allowed, and the appeal dismissed.

All the Justices concur.