## CAREY et al. v. STATE ex rel. DOUGHTY et al.

No. 26190.  April 27, 1937.

A. O. Manning and McKeever, Stewart & McKeever, for plaintiffs in error.

Tom E. Willis and Sargent & Ross, for defendants in error.

HURST, J.  This action was commenced by the plaintiffs as resident taxpayers of Major county under section 5965, O. S. 1931, the common informer statute, against C. H. Carey and D. B. Clark, members of the board of county commissioners of that county, and J. H. Green and T. W. Reece, road contractors, claimants, to recover twice the amount of a certain claim presented against the county by Green and Reece, and allowed and paid by said county commissioners. Major county was made a party defendant as required by said statute. Judgment was rendered in favor of the plaintiffs and against the claimants and the two members of the board of county commissioners. The two members of the board have appealed from that judgment. The case-made was served upon the plaintiffs, but not upon Major county. The plaintiffs, defendants in error here, have filed a

motion to dismiss the appeal, contending that since the county is a necessary party defendant in the lower court, under the terms of said statute, and owns half of the judgment, it is a necessary party to the appeal in this court, and it was necessary that the case-made be served upon it, and they cite section 534, O. S. 1931, Wah-shah-she-me-tsa-he's Estate (1925) 111 Okla. 177, 239 P. 177, and City of Sapulpa v. Young (1931) 147 Okla. 179, 296 P. 418.

The plaintiffs in error contend that since the county is not mentioned in the judgment, either as a judgment creditor or judgment debtor, it is not a necessary party here, and they cite Board of Com'rs of Logan County v. Harvey (1897) 5 Okla. 468, 49 P. 1006; Miller v. Oklahoma State Bank (1913) 38 Okla. 153, 132 P. 344, and 3 C. J. 1017.

We think the appeal must be dismissed. The county is entitled to half of the recovery. Under said statute it is a necessary party in the trial court, and it logically follows that it is a necessary party in this court. Regardless of the language of the journal entry, the statute makes the county a judgment creditor to the extent of half of the recovery, and it would be adversely affected by a reversal in this court. It is an "opposite party," within the meaning of that term as used in section 534, O. S. 1931, which requires the case-made to be served upon the opposite party, since it has an interest in upholding the judgment that the plaintiffs in error are seeking to reverse. City of Sapulpa v. Young, supra; Wa-shah-she-me-tsa-he's Estate, supra; Parks v. Prikryl (1928) 135 Okla. 13, 275 P. 1058; Kelly v. Treadway (1928) 134 Okla. 138, 272 P. 454; Cooper v. Shidler (1924) 98 Okla. 89, 224 P. 183. The authorities cited by the plaintiffs in error are not in conflict with this holding, for in the case of Board of Com'rs of Logan County v. Harvey, supra, it was held that it was not necessary to make one a party in the Supreme Court who was not served with summons in the lower court. In the case of Miller v. Oklahoma State Bank, supra, the appeal of two of the litigants was dismissed as to them on their motion because they were not interested in the result of the appeal, and were not necessary or proper parties thereto. The appeal is dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and CORN, JJ., concur.