PINK, Supt., et al. v. McGUIRE et al.

No. 29727. June 18, 1940.

Rehearing Denied Sept. 10, 1940.

*105 P. 2d 229.*

Marion R. Wells, of Wewoka, for plaintiffs in error.

Reily & Reily, of Shawnee, for defendants in error.

PER CURIAM. The plaintiffs in error appeal from a judgment rendered against them by the trial court. A motion to dismiss has been filed by the defendants in error for the reason that

no notice of settlement of the case-made was given as provided by section 534, O.S. 1931, 12 Okla. St. Ann. § 958.

Plaintiffs in error concede that no notice of settlement was served on the defendants in error, but seek to escape the effect of such failure. They contend for the first time that under our recent holdings it is no longer necessary to give notice of settlement in certain cases.

We have many times held that section 534, supra, requires due notice of settlement of case-made, which includes the time and place of such settlement. As stated above, plaintiffs in error urge that under the doctrine announced by this court in American Surety Co. v. Wolsey, 163 Okla. 270, 20 P. 2d 158, and Embry v. Villines, 175 Okla. 552, 53 P. 2d 277, it is no longer essential that notice of time and place of settlement of the case-made be given where the record does not disclose that the defendants had amendments to suggest. In both of these cases above referred to, notice of settlement was given to the defendant in error. We hold that in the absence of a compliance with section 531 a, O. S. 1931, 12 Okla. St. Ann. § 966, which provides for an agreement in lieu of settlement, or in the absence of a waiver of such notice of settlement, it is still the duty of the plaintiff in error to give notice of the time and place of settlement of the case-made. None was given in the case at bar. It is therefore the duty of the court to dismiss the case for lack of jurisdiction. McKeehen v. James, 144 Okla. 101, 289 P. 732.

Appeal dismissed.

BAYLESS, C. J., WELCH, V. C. J., and HURST, DAVISON, and DANNER, JJ., concur.