TALIAFERRO et al. v. BALLARD et al.

No. 30118. Feb. 11, 1941.

Rehearing Denied March 18, 1941.

*111 P. 2d 184.*

Reuel W. Little and Jack H. Smith, both of Madill, for plaintiffs in error.

Welch & Grigsby, of Madill, for defendants in error.

GIBSON, J. From a judgment and decree of foreclosure the mortgagors have appealed.

Defendants in error now move to dismiss for failure of plaintiffs in error to make the second mortgagee a party to the proceedings on review.

The second mortgagee, Commercial Standard Insurance Company, was a party defendant in the trial court. By the judgment its mortgage was held inferior and subject to the mortgage of the defendants in error, and all defendants, including said company, were forever barred and foreclosed from asserting any right, title, or interest in and to the premises from and after the sale thereof. The company did not appeal; nor was it made a defendant in error in these proceedings.

Defendants in error say the second mortgagee is a necessary party, and failure to join it as plaintiff or defendant in the proceedings in error requires dismissal of the appeal. George v. Robinson, 47 Okla. 623, 149 P. 1087. They say further that a reversal of the judgment will affect the interests of the second mortgagee, and for that reason it is a necessary party to the proceedings on review. John v. Paullin, 24 Okla. 636, 104 P. 365; United States F. & G. Co. v. Ballard, 44 Okla. 807, 145 P. 396.

The present motion seems well taken in view of the rule stated in John v. Paullin, above. It was there held as follows:

"All parties to an action whose interests will be affected by a reversal of the judgment appealed from must be made parties to the appellate proceeding."

See, also, Moser v. Board of Trustees, 48 Okla. 224, 149 P. 1148, and cases there cited.

In event of a reversal of the judgment in this case, the interests of the second mortgagee would be materially affected within the meaning of the above rule. Since said mortgagee was not made a party to the proceedings in error, the appeal must be dismissed.

Appeal dismissed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.