McDONALD et al. v. HARROD et al.

No. 29755. April 29, 1941.

Rehearing Denied May 20, 1940.

*113 P. 2d 385.*

Fred L. Hoyt, Frederick J. Hoyt, and Robert Burns, all of Oklahoma City, for plaintiffs in error.

Chas. D. Scales, of Oklahoma City, for defendants in error.

BAYLESS, J. This is an appeal from the district court of Oklahoma county. Harrod et al. filed an action against A. B. McDonald et al. to foreclose a mortgage on real estate. Issues were joined respecting the amount of mortgage indebtedness and whether there was a default. Judgment was rendered in favor of mortgage holders, according to their theory of applying payments on the mortgage debt, and their mortgage was declared a first lien, superior to a judgment lien claimed by Renz, an intervener.

Plaintiffs preface their brief with a motion to dismiss for defect of a necessary party. The intervener was not served with a copy of the case-made, and is not regarded by plaintiffs in error as an opposite party affecting this appeal. The absence of the alleged necessary party is urged as a jurisdictional matter.

The basis for the motion to dismiss is the requirement of our statutes, 12 O. S. A. §§ 954 and 958, relating to notice of appeal, parties on appeal, and service of case-made, and our decisions construing and applying those sections, including George v. Robinson, 47 Okla. 623, 149 P. 1087; John v. Paullin, 24 Okla. 636, 104 P. 365, and others.

It is urged that there was an issue between plaintiffs and intervener as to the priority of their respective liens, and that although this was settled in favor of plaintiffs, the movants here, a marshaling of assets was ordered in favor of intervener, and a reversal of plaintiffs' judgment would necessarily affect the rights of intervener under her judgment. The judgment debtors, plaintiffs in error, have not answered the motion to dismiss by a response nor by a reply to the answer brief.

The defendants contended below and contend in their brief here that the payments admittedly made by them were not applied on the debts as required by the terms of the instruments evidencing the debts, nor as provided by law, nor as required by equitable principles, considering the relations existing between them and the mortgage holders. Our examination of the briefs on this point causes us to conclude that there is merit in this point, and if further study compelled the conclusion that the trial court erred in the ruling on this point, we can well see what complications would arise from the necessity of re-arranging the rights of mortgage holders, defendants, and the intervener. We think the necessities of such a situation constitute the interest or rights that might be affected by a reversal of the judgment. This

would make intervener an opposite party who not only is a party to the appeal by 12 O. S. A. § 954, but a party upon whom the case-made must be served. 12 O. S. A. § 958.

We have recently disposed of an appeal by ruling on motion to dismiss that is virtually identical with this case. Taliaferro v. Ballard, 188 Okla. 465, 111 P. 2d 184. It was held there that a second mortgagee's judgment of foreclosure constituted such an interest as would be affected by a reversal, and made the holder thereof a necessary party on appeal. The rule announced there is controlling here.

The appeal is dismissed.

WELCH, C. J., CORN, V. C. J., and HURST and ARNOLD, JJ., concur.