ROUTH et al. v. TONINI et al.

No. 31340. May 25, 1943.

Rehearing Denied Sept. 28, 1943.

*141 P. 2d 287.*

Robert W. Maupin and Denham A. Maupin, both of Oklahoma City, for plaintiffs in error.

Hemry & Hemry, of Oklahoma City, Robert S. Landers, Jr., of Lawton, and Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for defendants in error.

ARNOLD, J. Laura Tonini and North River Insurance Company, a corporation, filed an action against Alice Routh and George I. Routh, Leila Thurman, C. C. Goble, and R. D. Cravens, to foreclose a mortgage on certain real estate located in Comanche county, Okla. Leila Thurman filed a disclaimer. During the trial C. C. Goble also disclaimed any interest in the property. Cravens, one of the defendants in error, set up a judgment lien against the Rouths, plaintiffs in error. Plaintiffs in error denied that the mortgage was in default. As to the judgment lien claimed by Cravens, they alleged payment. The trial court, after hearing evidence, entered a judgment in favor of the defendants in error, Tonini and North River Insurance Company, and determined therein that the mortgage lien was a first lien and superior to the judgment lien claimed by Cravens. It then ordered the property sold and the proceeds therefrom used: First, to pay the costs of the action; second, to pay the judgment of Tonini and the North River Insurance Company; and third, to pay the judgment due Cravens. After motion for new trial was overruled plaintiffs in error gave notice of intention to appeal to this court. The record discloses that the case-made was served on the attorneys for Tonini and the North River Insurance Company, but does not show any service on Cravens or his attorney; neither does it show proof of the service of a written notice of the filing of same in the office of the clerk of the trial court on Cravens or his attorney. The petition in error contains two assignments of error relating to the judgment in favor of Cravens. The other assignments of error go to the judgment in favor of Tonini and the North River Insurance Company.

The defendant in error Cravens filed a motion to dismiss the appeal for the reason that the plaintiffs in error failed to serve the case-made on him, as re-

quired by 12 O. S. 1941 § 958. The defendants in error Tonini and North River Insurance Company filed a motion to dismiss based on the same ground.

By virtue of 12 O. S. 1941 § 954, the giving of notice of appeal automatically made all parties of record in the lower court parties herein. See City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418; Mires v. Hogan, 79 Okla. 233, 192 P. 811. As provided therein, since Thurman and Goble disclaimed any interest, they are not parties to the appeal and it was not necessary for the case-made to be served upon them. However, it was necessary to serve the case-made upon all the opposite parties or their attorneys in the manner prescribed by section 958, supra. The petition in error sets forth two assignments by reason of which reversal of the judgment in favor of defendant in error Cravens is sought. The defendant in error Cravens would be adversely affected by a reversal of this case and is an "opposite" party within the meaning of section 958, supra, and it was necessary to serve the case-made upon him or his attorney of record, as provided. See Carey et al. v. State ex rel. Doughty, 180 Okla. 50, 67 P. 2d 787, and other cases.

The plaintiffs in error having failed to serve the case-made upon the defendant in error Cravens as provided by law, the appeal must be, and is, dismissed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, HURST, and DAVISON, JJ., concur. WELCH, J., dissents. RILEY and BAYLESS, JJ., absent.

---

WELCH, J. (dissenting). In my view there appears no necessity to dismiss as to defendants in error Tonini and North River Insurance Company. There is not shown any reason why we may not proceed to full determination of all issues between these parties on the one hand, and the plaintiff in error on the other hand, without the presence of Cravens on appeal. I observe no showing of probable prejudice to the above-named defendants in error in so doing. I think the applicable rules justify the conclusion that the burden should be imposed on them and upon all who similarly seek dismissal of appeals to make such showing with rather definite certainty, and believe that my conclusion is supported by former decisions. Among others I refer to Debolt v. Farmers Exchange Bank, 46 Okla. 258, 148 P. 830; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418, and Board of County Com'rs of Logan County v. Harvey, 5 Okla. 468, 49 P. 1006.