HARDEN et al. v. BOARD OF ED.,
INDEPENDENT SCHOOL DIST.
NO. 22, et al.

No. 32378. Oct. 15, 1946.

*173 P. 2d 429.*

Tillman & Tillman, of Pawhuska, for plaintiffs in error.

Gray & Palmer, of Pawhuska, for defendants in error.

DAVISON, J. In September, 1943, an election was held under the supervision of the county superintendent of public instruction of Osage county, Okla., to determine whether a section of land referred to as the "Tallant area," which at that time was a part of school district No. 22, commonly known as the "Nelagoney district" of said county, should be detached from said district and annexed by school district No. 29, commonly known as the "Barnsdall district" of said county. The majority of the votes cast at said election was in favor of the detachment and annexation, but an appeal was taken to the county superintendent. Said appeal was dismissed in November, 1943, however, in an action filed in the district court of said county by the school board of district No. 29, and by the judgment entered therein, the county superintendent was directed to make the order of detachment and annexation. Accordingly, the county superintendent issued the order on January 14, 1944.

After said order had been complied with and both school districts had operated for more than a year with the Tallant area annexed to district No. 29, the present action was instituted in February, 1945, by the board of education of school district No. 22 against the board of education of school district No. 29 and three Osage county officials whose official capacity had necessitated their performance of duties in connection with the detachment and annexation.

In the plaintiff board's petition, it was asserted that the district court's order of November, 1943, was void because under the statutes of this state there was no authority for the detachment of a part of one district and its annexation by another, as had been directed by and done pursuant to said order. The petition then set forth what the county superintendent, county treasurer, and county assessor (hereinafter referred to generally as "the county officials") had and had not done in putting said order into effect, and in addition to asking vacation of the previous court order of November, 1943, plaintiff prayed that the county superintendent be directed to vacate his allegedly void order of January, 1944, and make proper arrangements to see that school district No. 22 receive all school taxes from the Tallant area. Plaintiff also prayed that a writ of mandamus be issued to the county assessor requiring him to enter

on his records the Tallant area as a part of school district No. 22 and all personal and intangible property located in said area as a part of the taxable property in said district. It also prayed that a writ of mandamus be issued to the county treasurer requiring him to pay to the plaintiff board all taxes derived from the Tallant area.

After the above-named parties had joined the issues between themselves, there was filed in said action a pleading entitled an "Intervention" on behalf of "W. R. Harden ... L. L. Grubb and Jess Prisack et al.," who represented themselves as citizens and taxpayers of school district No. 22 and school district No. 29. In said pleading it was alleged that the subject matter of the action was moot as no appeal had ever been taken from the court order sought to be vacated and no petition to vacate it had ever been filed; that the county superintendent's order of January, 1944, and its operation since that time had been acquiesced in and pursuant thereto taxes have been paid on property within the Tallant area to provide educational facilities for "some 34 school children" from that area, and a large sum of money, including state aid and other income by reason of the enumeration of pupils in said area, had been collected as a result thereof. It was further alleged that if the relief sought by plaintiff was granted, interveners would suffer great and irreparable damage; that "some 34 children" of the Tallant area would be compelled to travel 28 miles in going to and from the school in district No. 22, whose facilities were inferior to those of the district No. 29 schools, or to pay tuition to attend the latter schools which were a round trip distance of only six miles from the Tallant area. It was further alleged that a certain levy had been made by a majority of the voters in school district No. 29 for the purpose of erecting a new school building for said district; that no taxpayer had filed any protest to said building fund levy; that said levy had been approved by the county excise board and had become a fixed and final levy.

It was asserted that in view of the circumstances, it would be unjust and inequitable for the court to grant the relief plaintiff prayed for and thus overthrow said levy under which interveners had paid taxes for said building fund. Other allegations of the interveners were that W. R. Harden, one of the interveners, had been elected a director of school district No. 29 pursuant to the annexation and that if same were nullified, the said Harden would be deprived of said office in which he had a vested interest; that if plaintiff's petition was sustained, the affairs of both school districts would be irretrievably entangled; and that the court was without jurisdiction to grant the relief prayed for in plaintiff's petition.

Plaintiff filed a reply to the above pleading in intervention, but the county officials filed no further or additional pleading than the general denial they had filed to plaintiff's petition. At the trial thereafter held, at which both plaintiff and the interveners introduced evidence in support of their respective pleadings, the county officials were represented by counsel. At the conclusion of said trial, the court entered a judgment vacating as of January 1, 1945, both its previous order of November, 1943, and the county superintendent's order of detachment and annexation of January, 1944, and authorizing and directing the county official defendants to alter their books and records and conduct the affairs and finances of the controversial Tallant area in such a way that it would thenceforth be, and be treated as, a part of school district No. 22. The judgment specifically directed the county treasurer to pay to said school district the accrued and accruing general school funds derived from the general fund tax levies on property in said Tallant area as well as funds accrued and accruing from certain miscellaneous revenue described in the judgment. With reference to the build-

ing fund levy described in the interveners' pleading, the judgment decreed that its proceeds should be paid to school district No. 29.

In attempting an appeal herein from the above described judgment, the intervening taxpayers hereinbefore mentioned have, as plaintiffs in error, filed a petition in error which makes apparent reference to all the other litigants in the trial court as defendants in error. The record, however, discloses that the case-made filed in connection with said petition in error was never served upon the county officials and it is conceded that they were served with no notice of its signing or settling. Based principally upon these facts, the defendant in error, board of education of independent school district No. 22, has, since the filing of plaintiff in error's brief herein, moved that said appeal be dismissed.

It is elementary that "all parties to an action whose interests will be affected by a reversal of the judgment appealed from must be made parties to the appellate proceeding." McDonald v. Harrod, 189 Okla. 47, 113 P. 2d 385; Taliaferro v. Ballard, 188 Okla. 465, 111 P. 2d 184. By virtue of 12 O.S. 1941 §958, the case-made or a copy thereof must be served upon all "opposite parties" within the meaning of said section (Routh v. Tonini, 193 Okla 87, 141 P. 2d 287), and a case-made settled and signed without notice to them, when said notice is in no wise waived, is a nullity and confers no jurisdiction on this court to decide any questions thereunder. Pink v. McGuire, 187 Okla. 629, 105 P. 2d 229; Rutter v. Dunlap, 195 Okla. 88, 155 P. 2d 529.

Plaintiffs in error do not claim that the county treasurer, county assessor, and county superintendent waived either of the above mentioned requirements, but argues, without citation of authority, that they are not necessary parties to this appeal.

While it does not appear that during the trial of the present case, the county officials adopted an active partisan role (as would seem not unwise nor unnatural for elective county officials in an intra-county controversy of this character), yet it appears manifest that their interests, as such officials, will be affected by a reversal of the judgment plaintiffs in error are attempting to appeal from and they are at least nominally "opposing parties" within the meaning of section 958, supra.

Defendant in error calls our attention to the fact that the judgment appealed from has not been superseded and to the affidavit of one of its attorneys that the orders directed at the county officials in said judgment have been fully executed or fully complied with as is said to have been necessary if said officials were to avoid liability for a fine under 12 O.S. 1941 §1462. On the basis of these considerations, counsel argues rather convincingly that the interests of the county officials would necessarily be affected by this court's reversal of said judgment. Though this argument falls short of convincing us that in the event of a reversal of the judgment in question said officials will suffer personal pecuniary loss, we do not think it is necessary that their personal pecuniary interests be affected in order to make them necessary parties to this appeal, as was the case of the county in Carey et al. v. State ex rel. Doughty, 180 Okla. 50, 67 P. 2d 787. In our opinion, the interests of the county officials may be affected within the operation of the rule by interference with the performance of their duties, as well as by subjecting them to pecuniary loss or gain. Thus, even though the personal fortunes of said officials might not be increased or diminished by a setting aside of the trial court's judgment after they had already complied therewith, certainly the performance of their duties would be affected. Then, too, there is the likelihood that in the event of a reversal the county officials would be subjected to appearing at a new trial. This consideration is one that was mentioned in Walker v. McNeal, 134 Okla. 111, 272

P. 443, 444, 445 (see, also, City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418, 423, 424), but the motion to dismiss filed therein seems to have been denied principally because there was no adversity of interest between one of the appealing defendants and the defendants as a whole in whose name the case-made had been served upon the plaintiff below. In view of the considerations above mentioned and the further fact that jurisdiction of the defendant county officials would be necessary to the enforcement of any final decision entered herein, we conclude that they are "opposite parties" within the meaning of section 958, supra.

As in this case it would be necessary to examine the case-made filed herein to determine the issues presented and said case-made has not been served as required by section 958, supra, this court is without jurisdiction to make such determination. The question being one of jurisdiction, it is unimportant that it has been raised by a party litigant who had been served with the case-made. It is elementary that a court may consider its own jurisdiction or lack thereof without regard to when or how, or by whom, the matter is called to its attention.

In accord with the views herein expressed the motion of the defendant in error is sustained and the within cause is hereby dismissed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.