HAZEL et al. v. EDWARDS, Adm'r.

No. 31510.    Sept. 23, 1947.

*184 P. 2d 981.*

John E. Luttrell, of Norman, for plaintiffs in error.

Finley McLaury, of Snyder, for defendant in error.

PER CURIAM. This action was commenced in the district court of Jackson county by defendant in error, plaintiff below, for foreclosure of a real estate mortgage executed by Phelix H. Austin and Nannie Austin, his wife, to F. P. Thorne and by said Thorne assigned to John R. Edwards, plaintiff's intestate. G. H. Strange, the owner of the land

subject to plaintiff's mortgage, Earl J. Hazel and Onis G. Hazel, plaintiffs in error here, and others were made defendants in the foreclosure proceedings. Earl J. Hazel and Onis G. Hazel filed their answer and cross-petition wherein they alleged that they held a mineral deed on the mortgaged land which was superior to plaintiff's mortgage and to the rights of the defendant G. H. Strange, owner of the land. The defendant Strange filed his separate answer admitting the allegations of plaintiff's petition and expressly denying the claims of the defendants Earl J. Hazel and Onis G. Hazel.

The journal entry of judgment and decree of foreclosure recites, among other things, that at the time of trial ". . . G. H. Strange appeared in person . . . ." It further contains the recitations:

"Whereupon, all parties announcing ready for trial, the cause proceeded to trial before the court upon the issues presented by plaintiff's petition, the amended answer of the defendants Earl J. Hazel and Onis G. Hazel, plaintiff's reply thereto together with the answer filed by the said Waldo T. Oden as such guardian ad litem and on behalf of the said defendants for whom he appears, and the answer of the defendant, G. H. Strange."

—and:

"And now on this 15th day of March, 1943, being likewise a legal day of said court and this cause having been duly assigned for final decision at this time, and all of the parties hereto again appearing as first herein set forth, the court now finds; . . ."

—and:

"The court further expressly finds that all the allegations of fact as set forth in plaintiff's petition and the answer of the defendant G. H. Strange with regard to the title to the land involved herein and covered by plaintiff's mortgage, as hereinafter fully described, are all true and correct in every particular, that the defendant G. H. Strange is the owner of the full fee simple title to all of said land subject only

to plaintiff's mortgage and free of all claim on the part of the remaining defendants or any of them or anyone claiming under them. And that the plaintiff has held and now holds a valid and subsisting first mortgage lien upon such lands. . ."

The case-made was served upon the attorney for the defendant in error but not upon the defendant Strange. The defendant in error has filed a motion to dismiss the appeal because of the failure to serve the case-made upon G. H. Strange, urging that under 12 O.S. 1941 §958, Strange was a necessary "opposite party" on whom service of the case-made was required, since his rights would be adversely affected by a reversal of the trial court's judgment. The contention is correct and the appeal must be dismissed. Mires v. Hogan, 79 Okla. 233, 192 P. 811; Huddleston v. Wallow, 117 Okla. 259, 246 P. 585; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418; Taliaferro v. Ballard, 188 Okla. 465, 111 P. 2d 184; McDonald v. Harrod, 189 Okla. 47, 113 P. 2d 385; Routh v. Tonini, 193 Okla. 87, 141 P. 2d 287; Harden v. Board of Education, 197 Okla. 598, 173 P. 2d 429.

In Mires v. Hogan, supra, we said:

"Under section 5238, Rev. Laws 1910, as amended by act approved March 23, 1917, all parties of record in the court from which appeal is taken, other than the plaintiff in error and parties not appearing at the trial or filing a disclaimer, are parties defendants in error to the proceedings in error in this court, irrespective of whether or not they are named as such in the petition in error; provided, the notice of intention to appeal is given as required by the statute, and the plaintiff in error otherwise appeals in due time by filing petition in error in the appellate court with certified copy of a transcript of the record or proper case made attached thereto."

In Huddleston v. Wallow, supra, we said:

"A proper case-made is one which has been prepared, served, settled, and filed as required by law."

Lack of appellate jurisdiction because of failure to serve case-made on all opposing parties may be urged by party upon whom case-made was served, since a court may consider its own jurisdiction or lack thereof without regard to when, how or by whom the matter is called to its attention. 12 O.S. 1941 §958; Harden v. Board of Education, supra.

Appeal dismissed.

DAVISON, V.C.J., and RILEY, BAYLESS, CORN, and GIBSON, JJ., concur. HURST, C.J., dissents.

HURST, C.J. (dissenting). I am of the opinion that under the proviso to 12 O.S. 1941 §954, this court may and should make Strange a party on such terms as may be just, and that the decisions relied upon in the majority opinion were in error in not giving effect to said proviso.