## PAULINE OIL & GAS CO. v. FISCHER.

No. 27931. Jan. 10, 1939.

Rehearing Denieid April 4, 1939.

Application for Leave to File Second Petition for Rehearing Denied May 16, 1939.

T. G. Chambers and James R. Eagleton, for plaintiff in error.

Hunt & Eagleton and Horace D. Ballaine, for defendant in error.

WELCH, V. C. J. Abe Fischer, defendant in error, hereinafter referred to as plaintiff, commenced this action in the district court of Pawnee county against the Pauline Oil & Gas Company, a corporation, plaintiff in error, hereinafter referred to as defendant, to quiet title to an oil and

gas lease, to recover materials, machinery, tools, and appliances thereon, and possession of the premises covered by the lease, and for damages. Judgment was for the plaintiff, and defendant brings appeal.

The plaintiff's claim of title is based upon a conveyance from the sheriff following a sale under execution growing out of an award of the Industrial Commission against the Geraldine Oil Company. The defendant's claim of title is based upon a conveyance from a trustee for the benefit of creditors, following an assignment to said trustee by the Geraldine Oil Company.

On August 30, 1934, the Industrial Commission granted an award to Sam Rainbolt against J. W. Snyder, employer, and the Geraldine Oil Company, the owner of the property involved, which company was secondarily liable for the award. On October 11, 1934, the Geraldine Oil Company made an assignment of the property to a trustee for the benefit of creditors.

On December 8, 1934, the award of the Industrial Commission in favor of Sam Rainbolt was filed of record in the district court of Pawnee county.

On January 21, 1935, sale was made by the aforesaid trustee of the property involved herein to the defendant.

On September 13, 1935, execution was issued on the judgment in favor of Sam Rainbolt by virtue of the award obtained in the Industrial Commission, said execution out of the district court being directed to the properties of the Geraldine Oil Company; and on September 17, 1935, levy was made under said execution on the property involved herein.

On October 24, 1935, upon its voluntary petition, the Geraldine Oil Company was adjudged bankrupt in the United States District Court.

On November 12, 1935, sheriff's sale was made of the property involved, pursuant to the execution and levy aforementioned; and following confirmation of said sale on June 10, 1936, sheriff's deed was issued to the purchaser, the plaintiff herein. On June 4, 1936, the United States District Court approved and confirmed the sale of said property made by the trustee for the benefit of creditors to the defendant on January 21, 1935.

Upon the pleadings, and after the introduction of all the evidence, the trial court directed a verdict for the plaintiff and assigned as his reason therefor that the judgment of the Industrial Commission constituted a lien upon all the property of the Geraldine Oil Company and that said lien was not destroyed by either the assignment for the benefit of creditors or by the subsequent bankruptcy proceedings.

Since the right of plaintiff to recover depends on the strength of his own title, and since his title is assailed, we should first test the validity thereof.

It is plaintiff's theory that by purchase at the sheriff's sale he obtained title superior to the title of the former purchaser at the trustee's sale, and that although the levy on the property, as on execution, was in less than four months of bankruptcy, and the sheriff's sale was some weeks after bankruptcy, that his title was unaffected thereby. This theory is founded upon plaintiff's contention that a lien in favor of the judgment creditor existed prior to the assignment for the benefit of creditors, and that such lien continued in full force until the sheriff's sale and confirmation of sale, and that such lien was unaffected by anything that intervened. If that theory is sound, the plaintiff rightfully recovered.

Upon the other hand, it is contended against plaintiff's title that no lien in favor of the judgment creditor had attached in October, 1934, when the property assignment for the benefit of creditors was made, nor even in January, 1935, when the trustee for creditors sold the property to the defendant. It is also asserted against plaintiff's title that, since the sheriff's execution levy on the property was made in less than four months of bankruptcy, the same was void by virtue of section 67, subdivision F, of the bankruptcy act of 1898, as amended June 27, 1934, which in material part provides as follows:

"That all levies * * * or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, * * * shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy * * * shall be deemed wholly discharged and released from the same. * * *"

And if either of those contentions or theories is correct, the plaintiff cannot prevail.

The federal court, in approving the sale theretofore made to the defendant by the trustee for creditors, seems to have proceeded upon the theory that the filing of the judgment for record in the district court

of Pawnee county did not create a lien on the property involved, and that no such lien existed, since the judgment creditor had not up to the time of such sale followed the recording of the judgment with the issuing of any execution.

It is to be noted that, although the judgment creditor filed his judgment for record in the district court of Pawnee county in December, 1934, he did not follow with execution until nine months later, in September, while bankruptcy intervened the following October. And in the meantime, in January, the trustee for creditors had sold the property pursuant to assignment theretofore made the preceding October.

The authority of such a judgment creditor to proceed by recording judgment and issuing execution is found in section 13366, O. S. 1931, 85 Okla. St. Ann. sec. 42, which reads in part as follows:

"If payment of compensation or an installment thereof due under the terms of an award, except in case of appeals from an award, be not made within ten days after the same is due by the employer or insurance carrier liable therefor, the commission may order a certified copy of the award to be filed in the office of the court clerk of any county, which award whether accumulative or lump sum shall be entered on the judgment docket of the district court, and shall have the same force and be subject to the same law as judgments of the district court. Upon the filing of such certified copy of the commission's award a writ of execution shall issue and such process shall be executed and the cost thereof taxed, as in the case of writs of execution, on judgments of courts of record, as provided by the Code of Civil Procedure. * * *"

It seems clear from the language of the act that the force and effect of such a judgment so filed and recorded is the same, as respects the questions here involved, as the rendering and recording of a district court judgment.

In First National Bank of Healdton v. Dunlap, 122 Okla. 288, 254 P. 729, this court held that the rendering and recording of a district court judgment did not create a lien upon an oil and gas lease, and the sale of same by the judgment debtor before issuance and levy of execution passed title clear of any lien.

To be consistent with that authority we must hold that the judgment creditor here obtained no lien on this property merely by the filing of his judgment for record in the office of the court clerk.

Then it would follow that no lien attached until execution was issued and levied on this property. That occurred in September, 1935. But the former owner and execution debtor became a bankrupt in October, 1935, and the lien by levy was nullified by the provision of the bankruptcy act above cited. The effect of that act is succinctly stated in Remington on Bankruptcy, vol. 4, p. 682, sec. 1857, as follows:

"All liens obtained by legal proceedings upon property of the bankrupt within four months preceding the filing of the bankruptcy petition and when he is insolvent, are nullified by the adjudication in bankruptcy."

The former owner of this property was insolvent, and had been since October, 1934, when the assignment for creditors was made, and was in due course adjudged a bankrupt. Then the sheriff's sale subsequently made conveyed no title to plaintiff, and he had no title and had no right to prevail in the trial court.

This is true, even if defendant did not acquire any title to the property by purchase from the trustee in January, 1935. It is therefore not necessary that we determine the validity of that trustee sale to pass title.

The plaintiff also relies upon section 13373, O. S. 1931, 85 Okla. St. Ann. sec. 49, which is as follows:

"The right of compensation granted by this act, and any claim for unpaid compensation insurance premium, shall have the same preference or lien, without limit of amount against the assets of the employer as is now or hereafter may be allowed by law for a claim for unpaid wages for labor."

Plaintiff asserts that thereby the lien of the judgment creditor attached from the time Rainbolt commenced proceedings to collect his award by filing his judgment for record in the district court.

It is to be noted here that Snyder, and not the Geraldine Oil Company, was the "employer" of Rainbolt. That company was only secondarily liable to Rainbolt, and such secondary liability could be enforced only after exhausting execution on the primary liability. Section 13351, O. S. 1931, 85 Okla. St. Ann. sec. 11. Assuming, but not deciding, that the Geraldine Oil Company would be included in the designation "employer" in section 13373, supra, still this contention of plaintiff cannot be sustained.

Section 13373, supra, purports to grant a

lien the same as a lien "for wages for labor." That latter lien is provided for in section 11007, O. S. 1931, 42 Okla. St. Ann. sec. 92, and is enforceable in the specific manner provided by the next following sections. Enforcement of such lien by laborers in the manner specified is essential to preserve the right to such lien (McGuyre v. Duncan, 100 Okla. 217, 229 P. 199), and that rule likewise applies to claimants for unpaid compensation insurance premiums, who assert a lien under section 13373, supra (Pacific Petroleum Co. v. Sunbeam Oil Co., 176 Okla. 293, 54 P.2d 1054). It would, therefore, seem that section 11007, supra, and section 13373, supra, are not self-executing, but must be read in connection with the methods provided for enforcement of the liens therein mentioned.

The judgment creditor here proceeded to enforce his lien or his right to collect from the Geraldine Oil Company by filing his award or judgment in the district court pursuant to section 13366, supra. While the plaintiff contends the lien mentioned in section 13373, supra, attached to all property from such filing of the judgment, we are convinced that the effect of such filing of the judgment is tested by the provisions of the section (13366, supra) which authorizes such procedure. There it is provided that such a judgment or award so filed and entered upon the district court records "shall have the same force and be subject to the same law as judgments of the district court." This contention of plaintiff would accept all of the benefits of filing an award in the district court to obtain for it the status of a district court judgment, but would avoid the fixed limitations of such a status.

When this award was filed and entered on the judgment docket of the district court and thereby gained the status of a district court judgment, and had "the same force" and was "subject to the same law as judgments of the district court," it thereby impressed a lien on all property upon which a district court judgment would impress a lien, and as to property upon which a district court judgment would not impress a lien, such filing of this award likewise would not impress a lien. We think no other logical result can be reached from the language of the statutes. Therefore this contention of the plaintiff cannot be sustained.

There is some language in plaintiff's brief indicating a contention, in substance, that a lien in favor of Rainbolt for compensation mentioned in section 13373, supra, attached to all of the property of the Geraldine Oil Company from the time Rainbolt commenced proceedings to enforce his right of compensation under the Workmen's Compensation Act. That contention could not be sound, for the reasons heretofore stated, and because no such provision or legislative intent can be found from the statutes. If that position could be sound, then any purchaser of an item of real or personal property, however insignificant, would be under the burden of ascertaining whether his vendor was the employer of labor, or might be liable primarily or secondarily on any workmen's compensation claim in any manner pending before the Industrial Commission.

We conclude that the claimant, Rainbolt, obtained no lien on the property here involved by the commencement of his proceedings before the Industrial Commission to enforce his right of compensation nor by the filing and entering of the award in the records of the district court; and that whatever lien he obtained by levy of execution was obtained within four months of bankruptcy of the judgment debtor, and was therefore nullified by the bankruptcy act, and that the subsequent sheriff's sale on that execution conveyed no title to the plaintiff.

It follows that the plaintiff had no title and no right to recover, and the trial court erred in rendering judgment for the plaintiff.

That judgment is reversed, and the cause remanded, with directions to enter judgment denying the plaintiff any relief.

BAYLESS, C. J., and RILEY, OSBORN, CORN, GIBSON, DAVISON, and DANNER, JJ., concur. HURST, J., not participating.