CHAMPLIN et al. v. FRANTZ et al.

No. 33433.  Dec. 20, 1949.

*212 P. 2d 1061.*

Scarritt & Champlin and McKnight & Edwards, all of Enid, for plaintiffs in error.

Simons, Simons, Mitchell & Headrick, of Enid, for defendants in error.

O'NEAL, J. This is an appeal from a judgment and decree of the district court of Garfield county and involves the question of priority of lien on certain property of the defendant, Ray Johnson.

Ray Johnson was a contractor and builder engaged in building and selling houses in Enid during the years 1946-1947. In connection with said work, Johnson had a workshop in a leased building, wherein he had certain tools and equipment consisting of power-driven machinery, such as saws, planes, floor sanders, etc. He also owned a Plymouth truck.

Lula H. Champlin was doing business as R. A. Champlin Hardware & Lumber Company.

H. P. Frantz, Harry P. Frantz, Jr., and Robert S. Frantz were copartners engaged in the insurance business under the firm named and style of Harry P. Frantz Agency.

January 18, 1947, R. A. Champlin Hardware & Lumber Company and one Bill Clements made a loan of $1,000 to Ray Johnson, evidenced by a promissory note, bearing interest at the rate of 5 per cent per annum, and providing for a 10 per cent attorney's fee in case suit should be brought on said note. The note was secured by a chattel mortgage covering the machinery, tools, etc., and said Plymouth truck belonging to Ray Johnson; said chattel mort-

gage was filed for record in the office of the county clerk January 20, 1947.

About August, 1946, Frantz Agency sold, or furnished, Ray Johnson a Workmen's Compensation insurance policy upon which unpaid premiums accumulated as of January 28, 1947, in the sum of about $745.77.

It appears that Ray Johnson was insolvent and on January 28, 1947, Frantz Agency commenced this action for its unpaid claim for premiums on the Workmen's Compensation insurance policy. The amount claimed was $869.-90. Therein the Frantz Agency sought to establish a lien under 85 O.S.A. §49 on the same property covered by the chattel mortgage of Champlin Hardware & Lumber Company and Bill Clements.

Shortly before this action was commenced, the United States of America had filed a tax warrant against Ray Johnson for unpaid withholding and social security taxes in the sum of $2,479.53, and before this action was commenced, levied upon the same property covered by the chattel mortgage of Champlin Hardware & Lumber Company and Bill Clements. Thereafter, the United States of America was made a party defendant, and later the State of Oklahoma, through the Oklahoma Employment Security Commission, filed a tax warrant in the office of the court clerk of Garfield county against Ray Johnson, wherein the Oklahoma Employment Security Commission claimed $2,070.34 unpaid, unemployment compensation taxes, including interest and penalty. Oklahoma Employment Security Commission was made a party defendant, and Lula H. Champlin, doing business as R. A. Champlin Hardware & Lumber Company, and Bill Clements were made parties defendant in said proceedings, wherein plaintiff claimed a lien superior to the claims of all defendants under 85 O.S. 1941 §49.

Champlin Hardware & Lumber Company and Bill Clements filed on answer and cross-petition, wherein they claimed a lien prior and superior to all other parties under their chattel mortgage.

A receiver was appointed and by consent of all interested parties, the receiver sold the property in controversy and brought the proceeds thereof into court. The net proceeds of the sale was $2,994.98. That not being enough to pay all the claims, the contest was principally over the order in which the various liens claimed were to be paid.

It appears that there was another suit pending against Ray Johnson by Nichols-Kitchens Motor Company, wherein plaintiff claimed a lien against the property in the sum of $294.16. That action was consolidated with the action of Frantz Agency. The issues were tried to the court without a jury. Most of the facts were stipulated and there is no substantial conflict in the evidence as to all other facts.

The trial court found and held: that Nichols-Kitchens Motor Company had a first lien in the sum of $294.16 and the correctness of that finding and judgment is not contested.

The trial court further found and held: that there was due from Johnson to plaintiff Frantz Agency on its claim for unpaid premiums on the Workmen's Compensation insurance policy the sum of $745.77, and that said plaintiff was entitled to preference or priority next after Nichols-Kitchens Motor Company. Next in priority, the court held, was the United States of America on its tax claim in the sum of $2,474.43, and next in priority, the trial court held was Champlin Hardware & Lumber Company in the sum of $800.

Other claims and liens were allowed, but since there was no money to apply on said liens, they are not involved in this appeal.

It appears that there had been paid $200 to the Champlin Hardware & Lumber Company and Bill Clements on their note. The trial court rendered judgment thereon for $800, but allowed no interest or attorney's fee.

The United States of America, Champlin Hardware & Lumber Company, and Bill Clements saved their exceptions to the findings and judgment of the trial court, and after unsuccessful motion for new trial, Champlin Hardware & Lumber Company and Bill Clements appeal. The United States of America did not appeal and has filed no cross-petition in error.

Defendant in error presents a motion to dismiss the appeal of Champlin Hardware & Lumber Company upon the ground that the United States of America does not appeal, was not named as a party defendant in the petition in error, and was not served with a copy of the case-made. The motion is based upon the requirements of 12 O.S. §§954 and 958, relating to notice of appeal, parties on appeal and service of case-made. In support of the motion, defendant in error cites Taliaferro et al. v. Ballard et al., 188 Okla. 465, 111 P. 2d 184, and McDonald et al. v. Harrod et al., 189 Okla. 47, 113 P. 2d 385.

Under the record in this case, the above cases are not applicable. The record shows that plaintiff in error gave notice of intention to appeal in open court at the time the motion for new trial was overruled. The United States of America appeared by Robert E. Shelton, United States District Attorney for the Western District of Oklahoma, and also gave notice in open court of its intention to appeal.

12 O.S. 1941 §954 provides that all parties of record in a trial court are automatically made parties to the appeal by the giving of said notice in open court.

The record shows timely service of the case-made on the United States of America. The motion to dismiss the appeal is denied.

The only question is whether Frantz Agency had a lien upon the property covered by the chattel mortgage of Champlin Hardware & Lumber Company under the provisions of 85 O.S. 1941 §49, which provides:

"The right of compensation granted by this Act, and any claim for unpaid compensation insurance premium, shall have the same preference or lien, without limit of amount against the assets of the employer as is now or hereafter may be allowed by law for a claim for unpaid wages for labor."

The claim of Frantz Agency is for unpaid compensation insurance premium. Therefore, it is entitled to and has the same preference or lien, without limitation as to amount, against the assets of Ray Johnson, as at the date of the enactment of said section 49, or thereafter, might have been allowed by law for a claim for unpaid wages for labor to any employee of Ray Johnson. The question then is: To what property of the assets of Ray Johnson does the "preference or lien" attach? Plaintiff in error, Champlin Hardware & Lumber Company, contends that such preference or lien could only attach to such property or assets of Ray Johnson, as was the product of the labor of any employee of defendant Johnson, and since the record clearly shows that the machinery, tools, etc., covered by the chattel mortgage were not the products of any labor of any employee of Johnson, no preference lien could attach thereto in favor of Frantz Agency.

The record does show that none of the labor performed by the employees of Johnson was used in the manufacture or production of any of the machinery, tools, etc., covered by the mortgage of plaintiff in error.

Defendant in error contends that said section 49 gives a claim for unpaid Workmen's Compensation insurance premium the right to a lien, and the same preference against the assets of the employer without limit as to amount and is not limited to the assets of the employer against which a laborer might assert a lien preferred over all other liens.

The acts of the Legislature which give a laborer a lien with preference over all other liens is chapter 114, Session Laws 1910-1911, p. 254. These provisions are now 42 O.S. 1941 §§92 to 96, inclusive. Section 92 provides:

"Laborers who perform work and labor for any person under a verbal or written contract, if unpaid for the same, shall have a lien on the production of their labor, for such work and labor; Provided, that such lien shall attach only while the title to the property remains in the original owner."

Section 93 provides how such lien may be enforced.

Section 94 provides when the lien shall attach.

Section 95 limits the time when proceedings may be commenced; and section 96 provides:

"Liens created under this act shall take precedence over all other liens whether created prior or subsequent to the laborer's lien herein created and provided."

42 O. S. 1941 §91 creates a lien in favor of a laborer on any article of personal property upon which he renders any service to the owner for the protection, improvement, safekeeping, or transportation thereof. But this lien is dependent upon possession of the article of personal property to which the lien may attach. The lien is lost when the person rendering the service parts with the possession thereof.

42 O. S. 1941 §96 gives any person, firm, or corporation who furnishes labor, material, or supplies for the production of, altering or repair of, any personal property at the request of the owner, a lien for the value of his money, labor, material or supplies upon such personal property. That lien is not limited to laborers and is by 42 O. S. 1941 §99 made subject to prior mortgage liens, unless the holder of such prior mortgage lien has received notice of the intention to furnish such labor, money, material or supplies, and consents thereto in writing.

So far as is called to our attention, the lien given by 42 O. S. 1941 §92, supra, is the only laborer's lien that is given precedence or preference over all other liens, whether created prior or subsequent to the labor lien.

Both parties cite and rely in part, at least, upon Standard Accident Insurance Co. v. United States Casualty Co., 199 Okla. 530, 188 P. 2d 204.

Plaintiff in error states in its brief that that case completely annihilates the decision of the trial court. With reference to said case, defendant in error in its brief says:

"We deliberately and advisedly say that such case fully and completely sustains the contention of defendant in error in this case."

Therein this court had under consideration a question which called for the construction of 85 O.S. 1941 §49, supra, and in the opinion said:

"The contention that said section 49 is self-executing and therefore that plaintiff's claim for insurance premiums is a lien upon all the assets of contractor and thus inclusive of the retained percentage of the contract price is contrary to our holding in Pauline Oil & Gas Co. v. Fischer, 185 Okla. 108, 90 P. 2d 411. Under the terms of the statute a claim for premiums occupies the same position as a claim for compensation."

And:

"Section 13373" (85 O. S. 1941 §49, supra) "purports to grant a lien the same as a lien 'for wages for labor.' That latter lien is provided for in section 11007, O. S. 1931, 42 Okla. St. Ann. §92, and is enforceable in the specific manner provided by the next following sections."

It cannot be said, as we view it, that Standard Accident Insurance Co. v. United States Casualty Co., supra, sustains the contention of the defendant in error. On the contrary, we think that it, and the cases cited therein, sustain the contention of plaintiff in error. As we view section 49, supra, it limits the

lien given to a claim for compensation, and any claim for unpaid compensation insurance premiums to a lien against such property of the employer as would be covered by a lien for unpaid wages for labor. We so hold. Since the machinery, tools, etc., covered by the mortgage of plaintiff in error were no part of the production of any laborers employed by defendant, Ray Johnson, no lien attached thereto in favor of Frantz Agency. The trial court erred in allowing the lien. Therefore, the claim of Frantz Agency cannot have preference or priority over the chattel mortgage lien of plaintiff in error.

Plaintiff in error contends that the claim of the United States of America, to the extent of $2,479.53, is entitled to preference or priority over plaintiff in error's mortgage lien and the order of preference should be:

First: Nichols-Kitchens Motor Company _____$ 294.16

Second: United States of America _____$2,479.53

Third: Champlin Hardware & Lumber Company _____$ 800.00 (plus interest and attorney's fee, as provided in its note.)

With this contention we agree.

It is unnecessary to consider other claims as to priority since there would be no money left to apply thereon.

Plaintiff in error next contends that the trial court erred in not allowing it interest on the note upon which $800 was found to be due and unpaid, and also that the court erred in not allowing an attorney's fee of 10 per cent, as provided in the note. No one contends to the contrary. We hold that such was error.

It is also conceded that this court has the power to modify the judgment or order so as to allow interest on the note from and after January 23, 1947.

The judgment is reversed and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

DAVISON, C.J., concurs by reason of stare decisis. WELCH, CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur.