BOVAIRD SUPPLY CO. v. WOFFORD et al.

No. 34980.   Oct. 28, 1952.

Rehearing Denied Feb. 3, 1953.

Application for Leave to File Second Petition for Rehearing Denied. April 14, 1953.

*255 P. 2d 523.*

Bradford J. Williams, Fenelon Boesche, R. B. McDermott, T. Hillas Eskridge, and James C. Gibbens, Tulsa, for plaintiff in error.

Marvin T. Johnson, Tulsa, for defendant in error.

JOHNSON, J. This action was commenced by B. H. Wofford, John A. Nicholson and Harold G. Rose, who were partners d/b/a Nicholson and Rose Drilling Company. They were engaged in drilling oil and gas wells for hire upon leaseholds. Their action arose out of a contract to furnish labor and materials and services to drill a well on an oil and gas lease for which they had not been paid. A mechanics' and materialmen's lien had been perfected to secure the claim, and foreclosure of this lien was sought.

The original defendants were the owners of the leasehold, but later others were made parties defendant, to wit: W. P. Smith, Halliburton Oil Well Cementing Company, a corporation, the Bovaird Supply Company, a corporation, G. E. Ferguson and Leonard T. Thomas, all of whom intervened and pleaded perfected contractors' mechanics' and materialmen's lien claims for materials and labor furnished, except Leonard T. Thomas whose claim was for labor personally performed upon the leasehold, and which claim is not herein contested, and Bovaird Supply Company who only furnished supplies or materials. It appears that claimant Thomas was the only lien claimant who personally performed any labor upon the leasehold, and Bovaird Supply Company was the only claimant that furnished only materials. The other claimants furnished both materials and labor under their contracts. The trial court in entering judgment separated into different items the amount of each contractor's lien claim for material furnished and the amount for labor furnished and held that the amounts for labor furnished constituted a laborer's lien and was prior and superior to the amounts for materials furnished, and should be first paid pro rata from the proceeds of the lien foreclosure sale. Bovaird Supply Company has appealed from this judgment and complains that the order so holding should be reversed and remanded with instructions to vacate the judgment and place its claim on a par with those contractors who furnished both labor and materials, but who did not perform any labor.

Bovaird Supply Company contends that contractors who furnished materials and labor, but performed no labor, were not "laborers" as defined by 42 O.S.A. §92, and were not entitled to priority of a laborer's lien under the provisions of 42 O.S.A. §96. The record supports plaintiff in error's contention. One who furnishes labor and materials is not a "laborer" under the provisions of sec. 92, supra. Priority of a laborer's lien under §96, supra, extends only to workmen who actually perform work and labor and not to contractors who have furnished and paid for labor under a general contract to furnish both labor and materials. Morley v. McCaskey, 134 Okla. 50, 270 P. 1107. Such contractors are not entitled to a lien as "laborer" but only to a mechanic's and materialmen's lien under 42 O.S.A. §141 et seq. Shefts Supply, Inc., v. Brady, 170 Okla. 590, 41 P. 2d 820.

The defendants in error, plaintiffs below, contend that the judgment of the trial court should be sustained because the court's judgment was based upon undisputed stipulated facts that each claimant's lien claim was for two separate amounts—one for labor furnished and one for materials furnished, and that there is no evidence to sustain plaintiff in error's contention.

The record discloses what purports to be a stipulation of the facts, but which, in reality, is only a statement of defendants in error's attorney, which appears never to have been completed either in substance or by agreement in open court, or by signature of opposing counsel. The portion thereof relied upon by defendants in error as being of evidentiary value sufficient to sustain their contention reads as follows:

"That the lien claim of the plaintiffs is correct in the total sum of $12,329.48, of which labor and services is in the sum of $10,603.28, and material and supplies are in the sum of $1,726.20; that the lien claim of defendant and cross petitioner W. P. Smith is correct

in the total sum of $1,295.18, of which $1191.68 is for labor and services and $103.05 is for materials and supplies; that defendant and cross petitioner Leonard T. Thomas has a labor claim which is correct in the total sum of $34.00; that the defendant and cross petitioner Halliburton Oil Well Cementing Company has a correct claim in the total sum of $377.28, of which $260.00 is for labor and services and $117.28 is for material and supplies; that the defendant and cross petitioner Bovaird Supply Company has a correct claim in the sum of $3,460.17, all of which is for materials and supplies; that all of the items of material and supplies, and that all of the labor and services which are covered by this stipulation were furnished and used in and upon the leasehold estate described as the northeast quarter of the southeast quarter of section 24, township 7 north, range 3 east in Pottawatomie County, Oklahoma, being the leasehold estate which is the subject of this litigation; and that all of these claims are past due and unpaid in the amounts stated in the stipulation."

The lien statements filed by the claimants were attached to their pleadings and contained a total sum for labor and materials furnished. The judgment of the court separated the purported amounts for labor and materials furnished in accord with the above stipulation. The stipulation states that defendants in error furnished labor, but does not indicate that they labored. The record reveals nothing more upon which the court could base its judgment. There was no evidence offered by either party. This, in our opinion, was insufficient to sustain the court's finding that the claimants' claims for labor furnished had priority over claims for materials furnished except as to claimant Thomas whose status as a laborer is unquestioned.

Following Morley v. McCaskey, supra, we conclude that the claimants who furnished both labor and materials under contracts for the development of the leasehold, but who did not actually labor, were not laborers as defined by 42 O.S.A. §92, and were not entitled to priority of laborer's liens under 42 O.S.A. §96, and that the trial court erred in separating their claims and establishing the priority of a portion thereof as labor.

Reversed and remanded with directions to vacate the judgment and enter its judgment in conformance with the views herein expressed.

HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, O'NEAL, and BINGAMAN, JJ., concur.

